**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

**SUMMONS IN CIVIL ACTION**

FILED APR 12 2022 CIRCUIT COURT CLERK BY _____ D.C.

● Lawsuit
○ Divorce

Docket No. CT-1127-22

Ad Damnum $ _____

| Plaintiff(s) | Defendant(s) |
|---|---|
| AYLESHA FRANKLIN | MELVIN WAYNE TURNBULL, and BLACK EAGLE EXPRESS, LLC |

VS

TO: (Name and Address of Defendant (One defendant per summons))

Black Eagle Express, LLC
c/o Nexhat Emini
838 Spyglass Lane
Lexington, Kentucky 40509

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Robert and Jarrett Spence of Spence Partners Plaintiff's attorney, whose address is 65 Union Avenue, Suite 900, Memphis, Tennessee 38103

telephone 9018966255   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk, and Master

TESTED AND ISSUED 3/24/2022   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

3/24  20 22

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

*Exhibit A.*

## AFFIDAVIT OF SERVICE

**State of Tennessee**          **County of Shelby**          **Circuit Court**

Case Number: CT-1127-22

Plaintiff:
Aylesha Franklin,

vs.

Defendant:
Melvin Wayne Turnbull and Black Eagle Express, LLC

For:
Jarrett M.D. Spence
Spence Partners
Cotton Exchange Building
65 Union Avenue, Suite 900
Memphis, TN 38103

Received by Greentree Legal on the 30th day of March, 2022 at 1:32 pm to be served on **Black Eagle Express, LLC c/o Nexhat Emini, 838 Spyglass Lane, Lexington, KY 40509.**

I, Angelique Caldwell, being duly sworn, depose and say that on the **31st day of March, 2022** at **12:30 pm**, I:

served a **CORPORATION** by delivering a true copy of the Summons in a Civil Action, Complaint to: **Nexhat Emini as Owner for Black Eagle Express, LLC**, at the address of: **838 Spyglass Lane, Lexington, KY 40509**, and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served:** Age: 45, Sex: M, Race/Skin Color: Middle Eastern, Height: 6'2", Weight: 260, Hair: Light Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am in good standing in the judicial circuit in which the process was served.

*Angelique Caldwell* (signature)

**Angelique Caldwell**
Process Server

Subscribed and Sworn to before me on the 5th day of April 2022 by the affiant who is personally known to me.

*signature*
NOTARY PUBLIC

Andrea D. Rue
Notary Public, ID KYNP26992
State at Large, Kentucky
My Commission Expires on May 12, 2025

Greentree Legal
10925 Reed Hartman Highway
Suite 300
Cincinnati, OH 45242
(513) 891-8600

Our Job Serial Number: GRT-2022003015
Ref: FRAA.2101443

1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2l

Doc ID: 8eed3fdfb7cd31fa9c90d327e6eb5bde6aa708a6

FILED
MAR 24 2022
CIRCUIT COURT CLERK
BY _____ D.C.

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

AYLESHA FRANKLIN,

    Plaintiff,

v.

MELVIN WAYNE TURNBULL, and
BLACK EAGLE EXPRESS, LLC.

    Defendant.

Docket No.: CT-1127-22
Division: I
JURY DEMANDED

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Aylesha Franklin, by and through undersigned counsel of record, and files this Complaint against Defendant Melvin Wayne Turnbull and Defendant Black Eagle Trucking, Inc. In support of her Complaint, Ms. Franklin would show unto the Court as follows:

### PARTIES

1. Plaintiff Aylesha Franklin ("Plaintiff") is an adult citizen of Memphis, Tennessee.

2. Upon and information and belief, Defendant Melvin Wayne Turnbull ("Defendant Turnbull") is a resident of Grandbury, Texas, residing at 1219 Crawford Court, Apartment 201, Grandbury, Texas, 76048.

3. Upon information and belief, Defendant Black Eagle Express, LLC ("Defendant Black Eagle Express") is a Kentucky limited liability corporation, and can be served through its registered agent: Nexhat Emini, 838 Spyglass Lane, Lexington, Kentucky 40509.

4. At all times relevant hereto, Defendant Turnbull was the employee and/or agent, whether actual, implied, or apparent of Defendant Black Eagle Express.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to Tenn. Code Ann. § 16-10-101.

6. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 as all of the acts or omissions complained of occurred in Shelby County, Tennessee.

7. The Court has personal jurisdiction over the Defendants pursuant to Tenn. Code Ann. § 20-2-223.

## FACTUAL ALLEGATIONS

8. On or about July 15, 2021 at approximately 5:14 a.m., Plaintiff was driving her 2016 Chevrolet Cruz on Bill Morris Parkway at approximately mile marker 11.20, when one (1) of its tires became flat, which caused her to only be able to drive the vehicle between 25-30 miles per hour.

9. Therefore, Plaintiff activated her emergency flashers and made an attempt to move her vehicle from the travel lane to the emergency lane until she could safely exit the Interstate at the Byhalia Road exit on Bill Morris Parkway.

10. As Plaintiff was attempting to drive her vehicle to the emergency lane, she noticed Defendant Turnbull, who was driving a 2016 Freightliner tractor-trailer owned by Defendant Black Eagle Express, quickly approaching her from behind.

11. Therefore, Plaintiff parked her vehicle in the emergency lane and intended to wait on Defendant Turnbull to pass her so that she could keep driving her car to the Byhalia Road exit on Bill Morris Parkway.

12. However, Defendant Turnbull did not drive his tractor-trailer safely past Plaintiff's vehicle, because as he was approaching Plaintiff vehicle, he diverted his eyes, for a relatively significant period of time, from the road to attend to his pet dog who was located in the cabin area of his tractor-trailer.

13. Due to the fact that Defendant Turnbull was not paying attention to the road, he lost track of how quickly his tractor-trailer was approaching Plaintiff's vehicle and that his tractor-trailer had guided into the emergency lane. Thus, Defendant Turnbull collided his tractor-trailer into the back of Plaintiff's vehicle, which was parked in the emergency lane.

14. At all times relevant hereto, Plaintiff's vehicle's emergency lights were activated.

15. As a result of the collision, Plaintiff was immediately knocked unconscious, and did not regain consciousness until emergency medical service providers arrived at the scene of the incident.

16. At all times relevant hereto, Plaintiff was exercising all due care under the circumstances.

17. As a direct and proximate result of Defendant Turnbull's failure to maintain proper control of his tractor-trailer it violently struck Plaintiff's vehicle, which suffered significant physical damage.

18. As a direct and proximate result of the negligent operation of the tractor-trailer by Defendant Turnbull, Plaintiff suffered significant physical pain and suffering.

19. As a direct and proximate result of the negligent operation of the tractor-trailer by Defendant Turnbull, Plaintiff was required to seek and receive necessary medical treatment.

20. The motor vehicle accident to the appropriate law enforcement agency.

21. As a direct and proximate result of the negligent operation of the tractor-trailer by Defendant Turnbull, Plaintiff incurred reasonable and necessary medical expenses.

22. As a direct and proximate result of the negligent operation of the vehicle by Defendant Turnbull, Plaintiff suffered pain and suffering and mental and emotional anguish.

## CAUSES OF ACTION

### COUNT I: RESPONDEAT SUPERIOR

23. Plaintiff incorporates all of the foregoing paragraphs herein as if restated again in full.

24. At all relevant times, Defendant Turnbull was the employee and/or agent of Defendant Black Eagle Express.

25. At all relevant times, Defendant Turnbull was on Defendant Black Eagle Express's business.

26. At all relevant times, Defendant Turnbull was acting within the scope of his employment or agency agreement with Defendant Black Eagle Express.

27. Defendant Turnbull's and Defendant Black Eagle Express's conduct proximately caused Plaintiff's injuries.

28.  Based on the foregoing statements, Defendant Black Eagle Express is responsible for the resulting injuries and damages.

## COUNT II: NEGLIGENCE

29.  Plaintiff incorporates all of the foregoing paragraphs herein as if restated again in full.

30.  At all relevant times, Defendant Turnbull owed a legal duty and obligation to Plaintiff to exercise due care in the operation of his tractor-trailer.

31.  Defendant Turnbull is liable for the following acts of common law negligence, each and every one of which is a direct and proximate cause of the injuries and damages alleged herein:

a.  Negligently failing to exercise that degree of care and caution as required of a reasonable, prudent person under the same or similar circumstances;

b.  Negligently failing to maintain proper control of his tractor-trailer;

c.  Negligently failing to devote full time and attention to the operation of his tractor-trailer;

d.  Failing to exercise a reasonable degree of care to avoid the collision with Plaintiff's vehicle; and

e.  Failing to exercise a reasonable degree of care to stop or slow his tractor-trailer in a manner to avoid the collision.

32.  Defendant Turnbull is guilty of violating each of the following statutes of the State of Tennessee, each of which was in full force and effect at the time and place of the motor vehicle accident complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every act

constituting a direct and proximate cause of the injuries and damages complained herein to wit:

    a.    Tenn. Code Ann. § 55-8-103 (Required obedience to traffic laws); and

    b.    Tenn. Code Ann. § 55-8-136 (Drivers to exercise due care).

33.    Defendant Turnbull is guilty of violating each of the following ordinances of the County of Shelby, each of which were in full force and effect at the time and place of the motor vehicle accident complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every act constituting a direct and proximate cause of the injuries and damages complained herein to wit:

    a.    Ordinance § 24-116 (Failing to devote full time and attention to operating vehicle); and

    b.    Ordinance § 24-117 (Duty to drive at safe speed, maintain a safe lookout, and keep his vehicle under control).

34.    Defendant Turnbull is guilty of violating each of the following ordinances of the City of Memphis, each of which were in full force and effect at the time and place of the motor vehicle accident complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every act constituting a direct and proximate cause of the injuries and damages complained herein to wit:

    a.    Ordinance § 11-16-2 (Failing to devote full time and attention to operating vehicle); and

b.     Ordinance § 11-16-3 (Duty to drive at safe speed, maintain a safe lookout, and keep his vehicle under control).

35.    As a direct and proximate result of one or more of the above acts of negligence, Plaintiff was injured for which she received medical care and treatment by health care providers

## INJURIES AND DAMAGES

36.    As the direct and proximate result of the Defendants' negligence, breach of duty and failed acts or omissions, Plaintiff endured the following damages:

  a.   Physical pain and suffering and/or impairment, past, present, and future;

  b.   Mental and emotional anguish, past present, and future;

  c.   Medical Expenses, past, present, and future;

  d.   Lost wages and/or loss of earning capacity; and

  e.   Other damages as allowed under the law or in equity.

## AD DAMNUM

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for judgment against Defendants as follows:

a. That process issue and be served upon the Defendants and that they be required to answer in a timely manner or have the allegations herein be deemed admitted and a default judgment entered;

b. That Plaintiff be awarded compensatory damages;

c. That Plaintiff reserves the right to amend this pleading based upon the proof adduced during discovery in this cause;

d. That Plaintiff be awarded all litigation costs and pre-judgment and post-judgment interest on all verdicts or recoveries; and

e. All other appropriate relief to which Plaintiff may be entitled.

Respectfully submitted,

**SPENCE PARTNERS**

By: *[signature]*

Robert L. J. Spence, Jr. (BPR#12256)
Jarrett M.D. Spence (BPR#034577)
Cotton Exchange Building
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Telephone: 901.312.9160
Facsimile: 901.521.9550

*Attorneys for Plaintiff*